## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**KHALID ROBERTSON**                                                                 **PLAINTIFF**
**ADC #172733**

**V.**                            **NO. 4:23-cv-00239-LPR-ERE**

**SOLOMON GRAVES,** *et al.*                                                          **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections**

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.     Background**

*Pro se* plaintiff Khalid Robertson, an Arkansas Division of Correction inmate, filed this § 1983 lawsuit alleging that the conditions of his confinement are unconstitutional. *Doc. 3.* Specifically, Mr. Robertson alleges that between December 9, 2022, and February 17, 2023, he was subjected to inhumane conditions of

confinement that included denial of laundry services, lack of eating utensils, denial of outdoor exercise, exposure to extremely cold weather, and a dangerous environment due to staff shortages. Mr. Robertson sued ADC Secretary Solomon Graves, Director Dexter Payne, Deputy Director William Straughn, Warden Moses Jackson, Deputy Warden Chris Johnson, and Major Tyron Allison, each in his or her official and individual capacities, seeking monetary damages and injunctive relief.[1]

Defendants have now filed a motion for summary judgment, supporting brief, and statement of facts arguing that Mr. Robertson failed to fully exhaust his administrative remedies before filing this lawsuit. *Docs. 28, 29, 30.* Mr. Robertson has not responded to Defendants' motion, and the time for doing so has passed. *Doc. 31*. The motion is now ripe for review.

For the reasons stated below, Defendants' motion for summary judgment (*Doc. 28*) should be granted.

## III.   Discussion

### A.   The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect

---

[1] The Court previously dismissed Mr. Robertson's claims against Solomon Graves for failure of service. *Doc. 25*.

to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Robertson to satisfy the ADC's requirements for raising and exhausting the claims he is asserting in this lawsuit *before* bringing this action.[2]

### B.     The ADC's Exhaustion Policy

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 28-2*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

---

[2]There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising that claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 6-14*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejects the appeal. *Id. at 14*.

To complete the exhaustion process before bringing this lawsuit, Mr. Robertson was required to present his claims against Defendants in a timely filed grievance and pursue all three steps of the ADC's grievance process until he received a decision on the merits at the final stage. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (a prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits.").

### C.     Mr. Robertson's Grievance History

Defendants submit the affidavit of Terri Grigsby, the ADC Inmate Grievance Supervisor. *Doc. 28-1*. Ms. Grigsby states that, based on a review of Mr. Robertson's grievance history, she only found one grievance related to the claims Mr. Robertson raises in this lawsuit, EAM-23-238. *Id. at 7*. Ms. Grigsby concludes that Mr. Robertson failed to fully exhaust the claims raised in that grievance because he never received a decision on the merits from the Assistant and/or Deputy Director. *Id. at 8*. The Court agrees.

On February 10, 2023, Mr. Robertson submitted grievance EAM-23-238. *Doc. 28-4 at 5*. In that grievance, Mr. Robertson complained that had been held in punitive isolation for 62 days. During that time, unidentified ADC officials denied him access to laundry services, eating utensils, and outdoor exercise. In addition, Mr. Robertson was exposed to extremely cold weather and a dangerous environment due to staff shortages. *Id*. ADC staff responded to Mr. Robertson's grievance that he was assigned to "punitive" until February 16, 2023. *Id*. Mr. Robertson appealed that decision to Warden Jackson. *Id*.

On March 4, 2023, Warden Jackson determined that Mr. Robertson was released from punitive isolation on February 16, 2023, and found Mr. Robertson's appeal without merit. *Id. at 4*.

Mr. Robertson appealed Warden Jackson's decision to the Deputy Director. *Id.* at 3. The Deputy Director rejected Mr. Robertson's appeal because he failed to include the unit level grievance form (Attachment 1) as required by the ADC grievance policy. *Id.* The Deputy Director denied the appeal on procedural grounds and did not address the merits of that grievance.

Based on this evidentiary showing, Defendants argue Mr. Robertson failed to fully exhaust the claims raised in grievance EAM-23-238. Mr. Robertson offers no evidence to dispute Defendants' proof.

On this record, there is no genuine issue of material fact regarding Mr. Robertson's failure to exhaust his administrative remedies, and Defendants are entitled to judgment as a matter of law.

## IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 28*) be GRANTED.

2. Mr. Robertson's claims be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

3. The Clerk be instructed to close this case.

Dated 5 January 2024.

_____
UNITED STATES MAGISTRATE JUDGE